**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 18-4175**

─────────────

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

BAKARI SHAHID MCMILLAN, a/k/a Bizzle,

Defendant – Appellant.

─────────────

**No. 18-4182**

─────────────

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

COREY ORENTHESES MILLER, a/k/a Clow, a/k/a C, a/k/a OG P,

Defendant – Appellant.

─────────────

**No. 18-4462**

─────────────

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

DAMON TAQUAN JACKSON, a/k/a DJ, a/k/a Daddy Frost,

Defendant – Appellant.

Appeals from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, District Judge. (2:16-cr-00054-DCN-4; 2:16-cr-00054-DCN-10; 2:16-cr-00054-DCN-1)

Argued: January 31, 2020                                        Decided: May 14, 2020

Before KING, DIAZ, and RUSHING, Circuit Judges.

Nos. 18-4175 and 18-4462 affirmed, and No. 18-4182 affirmed in part, vacated in part, and remanded by unpublished opinion. Judge King wrote the opinion, in which Judge Diaz and Judge Rushing joined.

**ARGUED:** Andrew Mackenzie, BARRETT-MACKENZIE, LLC, Greenville, South Carolina; James Arthur Brown, Jr., LAW OFFICES OF JIM BROWN, PA, Beaufort, South Carolina; Derek Joseph Enderlin, ROSS & ENDERLIN, PA, Greenville, South Carolina, for Appellants. Anna Marks Baldwin, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee. **ON BRIEF:** Eric S. Dreiband, Assistant Attorney General, Tovah R. Calderon, Vikram Swaruup, Appellate Section, Civil Rights Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Sherri Lydon, United States Attorney, Columbia, South Carolina, Rhett DeHart, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

KING, Circuit Judge:

Following a jury trial in the District of South Carolina, appellants Damon Taquan Jackson, Bakari Shahid McMillan, and Corey Orentheses Miller were convicted under 18 U.S.C. § 1594(c) of conspiring to violate 18 U.S.C. § 1591, with the alleged objects of the conspiracy being sex trafficking of a minor and sex trafficking by force, fraud, or coercion. The conspiracy offense was charged in Count 1 of the operative twenty-nine-count indictment against Jackson, McMillan, and Miller, as well as seven codefendants who entered guilty pleas prior to trial. The three appellants were also convicted of substantive offenses under § 1591 — Counts 2 through 6 against Jackson, Count 10 against McMillan, and Count 28 against Miller. For those conspiracy and substantive offenses, the district court sentenced Jackson and McMillan to 480 months in prison and Miller to 240 months in prison.

Jackson, McMillan, and Miller each timely noted an appeal from the criminal judgment against him. We consolidated their appeals, over which we possess jurisdiction pursuant to 28 U.S.C. § 1291.

On appeal, Jackson, McMillan, and Miller raise numerous issues. Having carefully considered the record, the parties' briefs, and the arguments of counsel before this Court, we have identified one meritorious contention that is the focus of our decision today: that the district court erred in denying Miller's motion for a judgment of acquittal with respect

3

to the Count 1 conspiracy offense.[1]  Accordingly, we affirm the criminal judgments against

Jackson and McMillan.  We also affirm Miller's conviction on Count 28, but we vacate his

conviction and sentence on Count 1.  We remand for such other and further proceedings as

may be appropriate.

## I.

## A.

During the appellants' five-day trial in March 2017, the government presented

evidence demonstrating that Damon Jackson, Bakari McMillan, and various codefendants

---

[1] Although we conclude that the district court erred in denying Miller's motion for a judgment of acquittal on Count 1, we reject Miller's argument that the court separately erred in denying his motion for a judgment of acquittal on Count 28.  Moreover, we reject the appellants' contentions that the court plainly erred by failing to provide unrequested jury instructions — including a multiple-conspiracy instruction and certain unanimity instructions — and by admitting evidence of a juvenile victim's age that the appellants only now claim violated hearsay rules and the Confrontation Clause.  *See United States v. Bush*, 944 F.3d 189, 197 (4th Cir. 2019) (explaining that, where a contention "was not preserved in the trial proceedings, we review it for plain error only"); *United States v. Whitfield*, 695 F.3d 288, 303 (4th Cir. 2012) ("To satisfy the plain error standard, a defendant must establish that the district court erred, that the error was plain, and that it affected his substantial rights.  [Even then,] plain errors should only be corrected where not doing so would result in a miscarriage of justice, or would otherwise seriously affect the fairness, integrity or public reputation of judicial proceedings." (internal quotation marks omitted)).  Finally, we reject the appellants' argument that their trial was so error-ridden that they are entitled to relief under the cumulative error doctrine.  *See United States v. Basham*, 561 F.3d 302, 330 (4th Cir. 2009) ("Pursuant to the cumulative error doctrine, the cumulative effect of two or more individually harmless errors has the potential to prejudice a defendant to the same extent as a single reversible error.  Generally, however, if a court determines that none of a defendant's claims warrant reversal individually, it will decline to employ the unusual remedy of reversing for cumulative error." (alterations and internal quotation marks omitted)).

were pimps who — despite sometimes competing for prostitutes and customers — often supported each other by, inter alia, imparting advice about commercial sex trafficking, trading prostitutes amongst themselves, sharing tips about police investigations, and providing transportation and other support for sex-trafficking activities. Under the prosecution's evidence, Jackson was the only conspirator acquainted with Corey Miller.

The government sought to show with respect to Count 28 against Miller that he engaged in sex trafficking by force, fraud, or coercion of an adult victim referred to herein by her initials, "B.E.," to protect her identity. At trial, B.E. testified that Miller abducted her, raped her, and compelled her to work for him as a prostitute in May 2014. To prove that Miller was part of the sex-trafficking conspiracy charged in Count 1, the prosecution relied on B.E.'s additional testimony that Miller placed an advertisement for B.E.'s services to which Jackson responded, and that Miller delivered B.E. to a hotel in Columbia, South Carolina, for a one-on-one meeting with Jackson. During that meeting, Jackson convinced B.E. to leave the hotel with him and let him replace Miller as her pimp. Thereafter, in late May 2014, B.E. escaped from Jackson and sought help from police in North Charleston, South Carolina, which prompted the investigation that led to these proceedings.

Nothing in B.E.'s trial testimony suggested that Miller and Jackson were working together or even knew each other in May 2014 when B.E. fled Miller for Jackson. To further support its case against Miller on Count 1, however, the government presented records of Facebook messages between Miller and Jackson beginning in July 2014. The prosecution highlighted communications that occurred in September 2014, following

5

Jackson's August 2014 arrest. In those messages, Miller indicated that he knew Jackson had been incarcerated, saying, "If you out holla at me." *See* J.A. 568.[2] Jackson advised that he remained in jail and asked, "Can you come down here?" *Id.* Miller responded, "I need your full name and I will handle it from there." *Id.* At trial, a police detective testifying for the prosecution summarized the September 2014 Facebook messages as "Mr. Miller offering Mr. Jackson assistance with getting out of jail." *Id.* at 569. Notably, no such plan came to fruition, as Jackson was not released from jail prior to the trial.

At the close of the government's case-in-chief, the appellants moved pursuant to Federal Rule of Criminal Procedure 29 for judgments of acquittal on various charges. In denying Miller's Rule 29 motion as to the Count 1 conspiracy offense, the district court relied on the evidence "that Mr. Jackson took over [B.E.] from Mr. Miller" and that Jackson later "asked [Miller] to help bond him out." *See* J.A. 693.

Thereafter, during the defense portion of the trial, Miller and Jackson each opted to testify. According to their testimony, they first met and exchanged contact information in the summer of 2014 at a strip club, having been introduced by a mutual acquaintance and exotic dancer who used the name "Pleasure." Miller and Jackson revealed that, on that occasion and at least one other, Jackson paid Miller cash to drive him places unrelated to sex trafficking.

---

[2] Citations herein to "J.A. __" refer to the contents of the Joint Appendix filed by the parties in these appeals.

6

At the close of all the evidence, counsel for Jackson renewed the motions previously denied, apparently on behalf of all three appellants. *See* J.A. 912 ("Judge, for the record, we would renew our motions."). The district court promptly denied the renewed motions, explaining: "All right. Okay. The easiest way to get the reverse is have the decision on both sides of the same question, so I may be wrong, but I'll be consistently wrong." *Id.*

In the ensuing closing arguments, the government urged the jury to find Miller guilty of the Count 1 conspiracy offense on the basis of the evidence that he and Jackson communicated by Facebook "after [Jackson was] locked up" and "after they've just had this situation where they've both run the same girl [B.E.] in overlapping times." *See* J.A. 995. The prosecutor advised the jurors to "[u]se your judgment there; I think it's obvious what was going on." *Id.* Among the jury's subsequent verdicts was the guilty verdict against Miller on Count 1.

## B.

We review de novo the district court's denial of Miller's Rule 29 motion for a judgment of acquittal on Count 1, "and we must sustain the verdict if there is substantial evidence, viewed in the light most favorable to the government, to support it." *See United States v. Edlind*, 887 F.3d 166, 172 (4th Cir. 2018) (internal quotation marks omitted). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate

7

and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* (internal quotation marks omitted).[3]

In order to convict Miller of the Count 1 conspiracy offense, the jury was required to find beyond a reasonable doubt: (1) that two or more persons entered an agreement to commit sex trafficking in violation of 18 U.S.C. § 1591; (2) that Miller knew of the conspiracy; and (3) that Miller knowingly and voluntarily became part of the conspiracy. *See United States v. Burgos*, 94 F.3d 849, 857 (4th Cir. 1996) (en banc). To sustain Miller's Count 1 conviction on appeal, the government continues to rely on the evidence presented in its case-in-chief that "Miller brought [B.E.] to the location where she met Jackson" and that "Miller and Jackson corresponded after Jackson was arrested." *See* Br. of Appellee 14. And the government now asserts that the September 2014 Facebook messages reflect "that Miller was trying [not only] to help Jackson get out of jail," but also to "prevent witnesses from cooperating with the investigation." *Id.* Additionally, the government invokes the defense's evidence that Miller "provided rides to Jackson when he did not have a car" and deems that evidence inculpatory because "providing rides to one another and to victims was a significant way in which conspirators assisted each other." *Id.* According

_____

[3] In reviewing the district court's denial of Miller's Rule 29 motion de novo, we reject the government's contention that plain error review applies. The government's contention rests on the premise that Miller failed to renew his Rule 29 motion at the close of all the evidence during the trial. Actually, however, Miller's Rule 29 motion was renewed and again denied when Jackson's counsel — speaking on behalf of Jackson, McMillan, and Miller — unsuccessfully renewed all motions previously denied. *See United States v. Pratt*, 915 F.3d 266, 271 n.4 (4th Cir. 2019) (explaining that issue is preserved for appellate review "if pressed or passed upon" (citing *United States v. Williams*, 504 U.S. 36, 41 (1992))).

to the government, "[a] reasonable jury could infer from these circumstances that Jackson and Miller had a tacit understanding to assist each other with trafficking, which is sufficient to sustain the verdict [against Miller on Count 1]." *Id.*

We disagree. Simply put, there is a lack of adequate proof that Miller purposely assisted Jackson with sex trafficking and thereby either tacitly entered into an agreement with Jackson to commit sex trafficking or knowingly and voluntarily became part of a pre-existing conspiracy. *Cf. Salinas v. United States*, 522 U.S. 52, 63 (1997) (describing conspirators as "partners in [a] criminal plan" that "agree to pursue the same criminal objective"); *Burgos*, 94 F.3d at 858-59 (explaining that defendant's participation in drug conspiracy may be inferred from circumstantial evidence "such as supplying firearms or purchasing money orders for coconspirators or permitting them to store narcotics and other contraband in one's home"). That is, there is neither direct nor circumstantial evidence sufficient to prove that Miller knew Jackson in May 2014 and intentionally released B.E. to him, that the rides Miller admitted to giving Jackson in the summer of 2014 were in support of Jackson's sex-trafficking activities, or that Miller and Jackson's Facebook correspondence in September 2014 was part of a plot to stymie the police investigation. Accordingly, we cannot sustain the jury's verdict against Miller on the Count 1 conspiracy offense.

## II.

Pursuant to the foregoing, we affirm the criminal judgments against Damon Jackson and Bakari McMillan, as well as the conviction of Corey Miller on Count 28. We vacate Miller's conviction and sentence on Count 1, and thus remand for further proceedings.

Nos. 18-4175 and 18-4462 — *AFFIRMED*

No. 18-4182 — *AFFIRMED IN PART,*
*VACATED IN PART, AND REMANDED*